IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OREOLUWATOMI AGBAJE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| INTELLICORP, INC., | ) |
| and INDEPENDENCE PLUS, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1.  Plaintiff, Oreoluwatomi Agbaje, brings this action under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), to secure redress for (1) the failure of defendant Independence Plus, Inc. to provide proper notice of and opportunity to challenge inaccurate information on plaintiff's background check, and (2) the action of defendant Intellicorp, Inc., in providing false information on a background check report provided to Independence Plus, Inc.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p.

3.  Venue and personal jurisdiction are proper in this Court, in that:

    a.  Plaintiff was injured in this District.

    b.  Defendant Independence Plus, Inc. is located in this District.

    c.  Defendant Intellicorp, Inc., regularly furnishes consumer reports on persons residing within the District.

    d.  Defendant Intellicorp, Inc., furnishes such reports as a result of entering into contracts with persons such as Independence Plus, Inc., located in the District.

1

## PARTIES

4. Plaintiff Oreoluwatomi Agbaje is a resident of Chicago, Illinois, and a "consumer"as protected and governed by the FCRA.

5. Defendant Intellicorp, Inc., is a Delaware corporation with its principal place of business in California. It does business in Illinois. Its registered agent and office is Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. At all times relevant hereto Intellicorp, Inc., was a "consumer reporting agency" governed by the FCRA.

7. At all times relevant hereto Intellicorp, Inc., was regularly engaged in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties. The information consists primarily of background check reports for employment purposes, which are furnished under contract for monetary compensation.

8. Intellicorp, Inc., states on its web site that "Every day, we help businesses and organizations reduce risk by providing background checks and employment and volunteer screening services. We've been in business for over 14 years, and it's our continuing goal to help you make the best hiring and volunteer recruiting decisions. By embracing a higher standard of excellence, we deliver you superior results to assist in mitigating exposure to fraud, workplace violence and negligent-hiring lawsuits."
(http://www.intellicorp.net/marketing/Aboutus.aspx)

9. Defendant Independence Plus, Inc., is an Illinois corporation with offices at 720 Enterprise Drive, Oak Brook, IL 60523. Its registered agent and office is Herman Marino, 53 W. Jackson Blvd., Suite 1557, Chicago, IL 60604. It "is a leading provider of in-home nursing, rehabilitation, and high-tech respiratory services and equipment in Chicagoland."
(http://www.independenceplus.com/)

## FACTS

10. Plaintiff works part-time for a hospital, making $19 per hour. Plaintiff's current employer does regular background checks on plaintiff because she has access to narcotics, and plaintiff has never had a problem with her employer's background checks.

11. Plaintiff obtained her BSN degree and applied for a nursing job with Independence Plus, Inc. in July 2013.

12. Plaintiff was told she was hired by Independence Plus, Inc., and given a date to start orientation. The job was to pay $25 per hour, with at least 36 hours per week.

13. On September 17, 2013, plaintiff received a call from Independence Plus, Inc., to inform plaintiff that Independence Plus, Inc., could not hire her due to items on a background check report ("Report") from Intellicorp, Inc.

14. Neither Independence Plus, Inc., nor Intellicorp, Inc., gave plaintiff a copy of the Report before taking this adverse action.

15. Independence Plus, Inc. told plaintiff that she would have to come to its office to get a copy of the Report. Independence Plus, Inc., did not give plaintiff notice of her right to dispute the contents of the Report. Plaintiff was unable to find contact information for Intellicorp to use for disputes, as no contact information was included on the report she was given.

16. When plaintiff reviewed the report, she informed Independence Plus, Inc., that the convictions shown on the Report were not her convictions.

17. Independence Plus, Inc., told plaintiff that the Report says the convictions are hers, that there is no proof to the contrary, and that therefore plaintiff could not be hired.

18. In an attempt to obtain the job, plaintiff went to five separate courthouses to get court records, at substantial expense.

19. The court records show that the person in the cases cited in the Report was not plaintiff. Only the first 3 letters of the last name matched plaintiff's name. The remainder of the names are not even close, even though the report stated they were a "highly probable name

3

match." Plaintiff's birthdate is not the same as that of the convicted person.

20. The Report does not provide the name of the criminal defendant who was the subject of the reported convictions. Because the names were drastically different, including that information would have alerted the reader to the discrepancy.

21. As a result of not obtaining the job, plaintiff incurred damages, including:

    a. emotional distress,

    b. decreased appetite,

    c. gastric problems,

    d. embarrassment and disgrace,

    e. inability to concentrate on studying for her nursing boards,

    f. delayed applying for other jobs due to fear of these convictions coming up again as hers.

    g. lost wages due to salary difference, and

    h. money spent traveling to courthouses and obtaining copies of records.

22. Had a copy of the Report and plaintiff's right to dispute been furnished to plaintiff prior to its use to deny plaintiff employment, she might not have been harmed so greatly by the error.

23. The background check is a consumer report regulated by the FCRA.

24. The FCRA, 15 U.S.C. §1681b(b), imposes conditions on the use of information in consumer credit reports for employment purposes.

25. Section 1681b(b) provides:

**(b) Conditions for furnishing and using consumer reports for employment purposes.**

    **(1) Certification from user. A consumer reporting agency may furnish a consumer report for employment purposes only if–**

        **(A) the person who obtains such report from the agency certifies to the agency that–**

            **(i) the person has complied with paragraph (2) with respect to**

>> **the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and**
>
>> **(ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and**
>
> **(B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this title [15 USCS §§ 1681 et seq.], as prescribed by the Federal Trade Commission under section 609(c)(3) [15 USCS § 1681g(c)(3)].**
>
> **(2) Disclosure to consumer.**
>
>> **(A) In general. Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–**
>
>>> **(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and**
>
>>> **(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. . . .**
>
> **(3) Conditions on use for adverse actions.**
>
>> **(A) In general. Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates–**
>
>>> **(i) a copy of the report; and**
>
>>> **(ii) a description in writing of the rights of the consumer under this title, as prescribed by the Federal Trade Commission under section 609(c)(3). . . .**

26. Intellicorp, Inc., has been sued for conduct similar to that complained of herein.

   *See, e.g., Roe v Intellicorp Records, Inc.,* 2012 WL 3727323 (N.D. CA 2012).

## COUNT I – FCRA CLAIM AGAINST INDEPENDENCE PLUS, INC.

27. Plaintiff incorporates paragraphs 1-26.

28. This claim is against Independence Plus, Inc..

29. Independence Plus, Inc., violated 15 U.S.C. §1681b(b) by taking adverse action against plaintiff on the basis of a consumer report for employment purposes without providing to plaintiff, in advance of the adverse action, a copy of the report and a description in writing of plaintiff's rights under the FCRA.

30. Defendant's actions were willful or negligent.

31. Section 1681n provides:

> **§1681n. Civil liability for willful noncompliance**
>
> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> > **(1)**
> >
> > > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
> >
> > **(2) such amount of punitive damages as the court may allow; and**
> >
> > **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

32. Section 1681o provides:

> **§1681o. Civil liability for negligent noncompliance**
>
> **(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> > **(1) any actual damages sustained by the consumer as a result of the failure;**
> >
> > **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

33. Section 1681p provides:

> **§1681p. Jurisdiction of courts; limitation of actions**
>
> **An action to enforce any liability created under this title may be brought in**

> **any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**
>
> **(1) 2 years after the date of discovery by the plaintiff of the violation that is liability; or**
>
> **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant Independence Plus, Inc. for:

(1) Statutory damages;

(2) Actual damages;

(3) Punitive damages;

(4) Attorney's fees, litigation expenses and costs of suit;

(5) Such other or further relief as the Court deems proper.

### COUNT II – FCRA CLAIM AGAINST INTELLICORP, INC.

34. Plaintiff incorporates paragraphs 1-26.

35. This claim is against Intellicorp, Inc.

36. Intellicorp, Inc., is obligated under 15 U.S.C. §1681e(b) to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

37. Intellicorp, Inc., failed to comply with this obligation when it (a) issued a report which associated plaintiff with a criminal with obviously different identifying information, (b) failed to issue the Report in a format that would permit the reader to compare plaintiff with the criminal, after having been previously sued as a result of similar violations.

38. Intellicorp, Inc. also violated 15 U.S.C. §1681k(a)(2) because it failed to maintain adequate procedures to insure that whenever public records information is provided that is likely to have an adverse effect on a consumer's ability to obtain employment that information is complete and up to date.

7

39. Defendant's actions were willful or negligent.

40. Section 1681n provides:

   **§1681n. Civil liability for willful noncompliance**

   **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

   **(1)**

   **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

   **(2) such amount of punitive damages as the court may allow; and**

   **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

41. Section 1681o provides:

   **§1681o. Civil liability for negligent noncompliance**

   **(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

   **(1) any actual damages sustained by the consumer as a result of the failure;**

   **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

42. Section 1681p provides:

   **§1681p. Jurisdiction of courts; limitation of actions**

   **An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**

   **(1) 2 years after the date of discovery by the plaintiff of the violation that is liability; or**

   **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      (1)    Statutory damages;

      (2)    Actual damages;

      (3)    Punitive damages;

      (4)    Attorney's fees, litigation expenses and costs of suit;

      (5)    Such other or further relief as the Court deems proper.

                                                          s/Daniel A. Edelman
                                                          Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Rebecca A. Cohen
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

                                                            s/Daniel A. Edelman
                                                           Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)